**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **LAQUINTA J. LISTER,** ) | |
|      **Defendant-Petitioner,** ) | |
| ) | |
| vs. ) | No.  3:06-CV-1355-N (BF) |
| ) | No.  3:03-CR-374-N (BF) |
| **UNITED STATES OF AMERICA,** ) | |
|      **Plaintiff-Respondent.** ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the United States District Court for the Northern District of Texas, this case has  been referred to the United States Magistrate Judge.  The findings, conclusions, and recommendation of the magistrate judge are as follows:

**FINDINGS AND CONCLUSIONS**

Laquinta J. Lister ("Movant") seeks to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.  Movant is a federal prisoner currently incarcerated in a federal correctional institution.  Respondent is the United States of America ("Respondent").

**STATEMENT OF THE CASE**

On December 17, 2003, Movant was charged in a three-count indictment.  Count one charged her with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Count two charged Movant with possession with intent to distribute cocaine, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2.  Count three charged Movant with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On March 10, 2004, Movant pled guilty to counts two and three.  On September 13, 2004, Movant was sentenced to 120 months' imprisonment on count two and 60

months' imprisonment on count three, to be served consecutively. Movant was also sentenced to a five-year term of supervised release. On August 9, 2005, Movant's appeal was dismissed on the government's motion. Movant's § 2255 motion was timely filed on July 27, 2006.

## STATEMENT OF THE CLAIMS

Movant alleges the following claims:

1. The trial court did not have subject matter or territorial jurisdiction over Movant's case.

2. Movant was denied the effective assistance of counsel.

## EXAMINATION OF THE CLAIMS

**CLAIM ONE**: The trial court did not have subject matter or territorial jurisdiction over Movant's case.

Movant alleges that public law 80-772, which created Title 18, and in particular § 3231, was not properly enacted by Congress because the bill creating them was not passed by both houses in the same session. Since § 3231 gives the district courts original jurisdiction over federal crimes, Movant contends that the Court did not have subject matter jurisdiction over the crimes alleged in her indictment.

For a bill to be properly enacted, it must be passed by both houses of Congress before a *sine die* recess. *United States v. Martinez*, CR. No. C-04-157, C.A. No. C-05-423, 2006 WL 1293261, at *5 (S.D. Tex. May 6, 2006). A *sine die* recess is "the ending of a deliberative assembly's . . . session without setting a time to reconvene." *Martinez*, 2006 WL 1293261, at *4.

Public law 80-772 was passed by the House of Representatives in the first session of the 80th Congress. *Id.* at 5. It was then passed by the Senate during the second session of that same Congress. *Id.* This recess was an inter-session, and not a *sine die* recess. *Id.* Bills passed by one

2

house before an inter-session recess and by the other house after the recess are properly passed by Congress. *Id.* Public law 80-772 was clearly passed by both houses before a *sine die* recess was called. Therefore, the law was properly enacted and Movant's claim that the Court did not have subject matter jurisdiction must fail.

Movant further asserts that the Court did not have territorial jurisdiction because her offenses occurred in the State of Texas and not in a United States territory or possession. Movant claims that her offense must have occurred in a territory or possession in order for the Court to have jurisdiction. Contrary to Movant's understanding, it is well established that the Court has jurisdiction over the violations alleged in the indictment against Movant. *United States v. Lopez*, 459 F.2d 949, 952 (5th Cir. 1972). Since the Court had territorial jurisdiction over the violations alleged in the indictment, Movant's claim is without merit.

**CLAIM TWO**: Movant was denied the effective assistance of counsel.

Movant claims that she was denied effective assistance of counsel when her counsel failed to (1) object to the validity of Title 18; (2) obtain proof of the Court's territorial jurisdiction; (3) ensure the qualification of the jury and inspect the jury list.

The Sixth Amendment of the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. *U.S. CONST., art. VI.* To merit relief pursuant to Section 2255 on a claim of ineffective assistance of counsel, a movant must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 691 (1984). In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within

3

the wide range of reasonable assistance. *Id.* at 689. A movant's failure to establish either prong of the *Strickland* test requires the court to find that counsel's performance was not constitutionally ineffective; hence courts are free to review ineffective assistance claims in any order and need not address both the "deficient" and "prejudice" prongs if one component is found lacking. *Id.* at 697.

The prejudice prong of the *Strickland* test requires the petitioner to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694 A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. A petitioner claiming ineffective assistance must prove that the challenged conduct of his counsel rendered the proceeding fundamentally unfair or unreliable. *Lockhart v. Fretwell,* 506 U.S. 364, 372 (1993) (citing *Strickland,* 466 U.S. at 687). Courts are required to consider the totality of the evidence in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695.

Movant's contention that counsel should have objected to the Court's jurisdiction based on her claim that Title 18 was never properly enacted is disingenuous. As stated above, Title 18 was properly enacted, and therefore the Court had proper subject matter and territorial jurisdiction. Counsel could not have raised a meritorious objection on this issue. "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins,* 19 F.3d 959, 966 (5th Cir. 1994).

Movant also claims that counsel failed to ensure the qualification of the jury and inspect the jury list. Movant contends that under 28 U.S.C. §§ 1867 (a) and (f), she has a right to inspect the jury list at any time. Section 1867(a) provides:

> In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the

grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury. 28 U.S.C. § 1867(a).

Movant did not have the right to inspect the jury list because counsel had no grounds to file a challenge to the selection of the grand or petit jury, and no legitimate reason to move for dismissal of the indictment or to stay the proceedings. Further, Movant fails to show any reason at all why counsel should have questioned the jury selection procedure. Movant does not meet the standard set forth in *Strickland*, and thus her ineffective assistance of counsel claim fails.

### **RECOMMENDATION**

This Court hereby recommends that Movant's motion to vacate, set aside, or modify her conviction and sentence pursuant to 28 U.S.C. § 2255 be denied.

SIGNED, NOVEMBER 27, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).